CLAUDIO, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS,
RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegatoria de la inscripción de un expediente posesorio.

No. 465.—Resuelto en mayo 27, 1920.

INFORMACIÓN POSESORIA — BIENES PRIVATIVOS — BIENES GANANCIALES — AGRUPACIÓN.—Aunque se alegue en el escrito inicial de la información posesoria que

la esposa, casada en segundas nupcias adquirió la finca objeto de la infor-mación en cuanto a una mitad por su parte de gananciales al fallecimiento de su anterior esposo, no puede estimarse probado que dicha mitad es privativamente suya, pues la cuestión de propiedad no fué ni pudo ser sometida al juez municipal sino el hecho de la posesión, por lo que la finca tiene presuntivamente el carácter de ganancial y es inaplicable al caso la jurisprudencia que prohibe la agrupación de bienes de distinta naturaleza jurídica.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. L. Mendín.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Petrona Claudio, casada con Ramón Sánchez, promovió información en la Corte Municipal de Caguas para acreditar la posesión de un predio rústico de tres cuerdas de terreno que alega haber adquirido, la mitad por su parte de gananciales al fallecimiento de su primer esposo Julián Morales, y la otra mitad por compra al heredero de Julián Morales, su hermano Aniceto del mismo apellido; y dicha corte por resolución de 12 de abril del corriente año 1920 aprobó la información practicada y ordenó que por el Registrador de Caguas se haga la inscripción correspondiente a favor de Petrona Claudio, sin perjuicio de tercero de mejor derecho.

El registrador denegó la inscripción del expediente "por observarse que la finca que el mismo comprende se forma por agrupación de una mitad que adquirió la promovente de origen hereditario por concepto de gananciales, y otra mitad de origen oneroso, por concepto de compra, constituyendo por consiguiente bienes de distinta naturaleza jurídica que no pueden agruparse de acuerdo con la jurisprudencia sentada por el Tribunal Supremo de Puerto Rico en el caso de *Torres* v. *El Registrador de Caguas,* 27 D. P. R. 927; *Porto Rican Leaf Tobacco Company* v. *Registrador,* 20 D. P. R. 398, y *Muñoz* v. *Registrador,* 25 D. P. R. 842."

La anterior calificación, su fecha 12 de abril próximo pasado, ha sido recurrida para ante esta Corte Suprema y alega

la parte apelante para sostener el recurso que la finca en cuestión tiene la presunción de bien ganancial de la sociedad conyugal Claudio–Sánchez y no pertenece a entidades distintas, por lo que no son aplicables al caso las decisiones de esta Corte Suprema citadas por el registrador recurrido.

Tratándose como se trata de un expediente posesorio, la declaratoria de posesión no puede surtir más efectos legales que los que la misma indica, y por más que la promovente Petrona Claudio alegue en el escrito inicial del expediente y haya tratado de justificar que adquirió la mitad de la finca en pago de su parte de gananciales al fallecimiento de su primer esposo Julián Morales, no puede estimarse probado que dicha mitad es privativamente suya pues la cuestión de propiedad no fué ni pudo ser sometida a la consideración del juez municipal. El objeto de la información es sencillamente el de acreditar el título posesorio del peticionario, y la jurisdicción del juez no va más allá de la declaración del título posesorio. La finca de que se trata, cuya inscripción de posesión ha sido ordenada, tiene el carácter de bien ganancial de la sociedad Claudio–Sánchez mientras no se pruebe en el procedimiento debido que en todo o en parte pertenece privativamente al marido o a la mujer, según el artículo 1322 del Código Civil. *Bespré v. El Registrador de San Germán,* 14 D. P. R. 621; *Boscio v. El mismo Registrador,* 14 D. P. R. 624; *Delgado v. El Registrador de Caguas,* 22 D. P. R. 125, y *Crehore v. El Registrador de Guayama,* 25 D. P. R. 847.

La jurisprudencia invocada por el registrador no es atinente pues no está envuelta en este caso la agrupación de fincas pertenecientes a distintos dueños.

Es de revocarse la nota recurrida y ordenarse la inscripción denegada.

*Revocada la nota recurrida y ordenada la inscripción denegada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.